(Tex. Cr. App.) 26 S.W.(2d) 273, delivered December 18, 1929.

█ It is further averred in the motion to quash that appellant was unable to tell from the indictment the name of the alleged purchaser. The indictment plainly shows the name of the purchaser to be Curtis Humphreys.

█ Again, it is alleged in the motion to quash that appellant's name was Clarice Bernice Williams, whereas she was named in the indictment as B. Ola Williams. This was no ground for quashing the indictment. On suggestion being made to the court as to the correct name of appellant, the indictment was corrected by inserting therein appellant's name. Article 496, C. C. P.; Guajardo v. State, 96 Tex. Cr. R. 230, 257 S. W. 247.

█ Appellant timely requested the court to charge the jury to acquit her if they believed from the evidence that she acted as the agent of Pete Williams in delivering the whisky to the purchaser. This charge was properly refused. It was appellant's theory that Pete Williams was the owner of the whisky. If she acted in the capacity of agent for the seller she was not entitled to an acquittal.

Failing to find reversible error, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## MONTALVO v. STATE.
### No. 13293.

Court of Criminal Appeals of Texas.
April 23, 1930.

D. S. Purl, of Corpus Christi, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.

Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

The record is before us without statement of facts or any bill of exception. Nothing is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.